UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:09-cv-538-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>                   Plaintiff, )<br> )<br>       v. )<br> )<br>ONE 2003 LAND ROVER DISCOVERY, )<br> )<br>                   Defendant. )<br>_____ ) | DEFAULT JUDGMENT OF<br>FORFEITURE |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment (Doc. No. 6) filed March 19, 2010.

The Plaintiff initiated this civil <u>in rem</u> action for forfeiture of Defendant Property on December 21, 2009. (Doc. No. 1). In support of its complaint, the Plaintiff filed the affidavit of Charlotte-Mecklenburg Police Department Detective Jennifer LaFortune. (Doc. No. 1-1). During an investigation of controlled substance offenses, CMPD officers initiated a traffic stop of the Defendant Property, one 2003 Land Rover Discovery, VIN number SALTW164X3A776753. The vehicle was registered to Barry Lawrence Martin, also arrested at the scene. Upon searching the vehicle, CMPD officers discovered a brown paper bag containing counterfeit currency. Based on the investigation, Detective LaFortune avers that there is probable cause to believe the Defendant Property was used to facilitate controlled substance offenses and transport counterfeit currency, making it subject to forfeiture under 21 U.S.C. § 881(a)(4) and 49 U.S.C. § 80303. The Court issued a warrant for arrest <u>in rem</u> of the Defendant Property on December 22, 2009. (Doc. No. 2).

The Plaintiff duly executed the warrant for arrest <u>in rem</u> and filed a return of process with the

1

Court on March 17, 2010. The Plaintiff identified Martin as an individual who reasonably appeared to be a potential claimant to the Defendant Property as defined by Rule G(4)(B) of the Federal Rules of Civil Procedure, Supplement Rules for Admiralty and Maritime Claims and Assets Forfeiture Actions. On December 22, 2009, the Plaintiff sent personal notice to Martin, c/o his attorney, Brad Butler, via United States Postal Service Certified Mail, Return Receipt Requested, Restricted Delivery, notifying him of this forfeiture action and his right to submit a verified claim to this Court within 35 days after notice was sent. The certified mail receipt was signed and returned to the United States Attorney's Office on December 23, 2009. (Doc. No. 6-1). Martin has not filed a claim in this action, and the time period in which he could have done so expired on January 27, 2010.

In addition, as to all persons in the world with potential claims to the Defendant Property, service of process was made by publishing notice of this action via www.forfeiture.gov from January 23, 2010, through February 21, 2010. (Doc. No. 3). As reflected in the publication, the time period for filing claims expired on February 21, 2010—within 60 days of January 23, the first date of publication. On the Plaintiff's motion, the Clerk of Court entered default on April 28, 2010. (Doc. No. 7).

Based on the foregoing, the Court concludes that the Plaintiff is entitled to Default Judgment of Forfeiture against the Defendant Property.

    **IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Motion for Default Judgment of Forfeiture (Doc. No. 6) is hereby **GRANTED** and Default Judgment is hereby **ENTERED** in favor of the United States of America;

2. Any and all right, title and interest of all persons in the world in or to the following property is hereby **FORFEITED** to the United States of America, and no other right,

title or interest shall exist therein: One 2003 Land Rover Discovery, VIN # SALTW164X3A776753, which was seized from Barry Lawrence Martin on July 22, 2009, at 5627 Albemarle Road, Charlotte, North Carolina; and

3. The United States of America is hereby directed to dispose of the forfeited Defendant Property as provided by law.

Signed: May 6, 2010

Robert J. Conrad, Jr.
Chief United States District Judge